UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. BROWN,<br><br>        Plaintiff,<br><br>    v.<br><br>JENNIFER SHAFFER, *et al.*,<br><br>        Defendant(s). | Case No. 1:18-cv-00470-JDP<br><br>ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL<br><br>(Doc. No. 8) |

Plaintiff is a California state prisoner who has made claims under 42 U.S.C. § 1983, alleging violations of due process, the cruel and unusual punishment clause of the Eighth Amendment, and the Americans with Disabilities Act. Plaintiff claims that his rights were violated by the California Department of Corrections and Rehabilitation's Board of Prison Hearing[1] and other defendants when they failed to adopt regulations that would have prevented the use of psychological reports as evidence in the parole process. Plaintiff further alleges that he did not receive adequate medical care for psychological impairments. On May 1, 2018, plaintiff filed a motion seeking the appointment of counsel. (Doc. No. 8.)

Plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), and the court cannot require that an attorney

---

[1] Plaintiff may be referring to the CDCR "Board of Parole Hearings."

represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1). *See Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), though the court lacks a means of compensating such counsel. *See Rand*, 113 F.3d at 1525. In determining whether "exceptional circumstances exist" and warrant an effort by the court to obtain volunteer counsel, "the district court must evaluate both the likelihood of success of the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here. While the allegations in plaintiff's complaint are lengthy, they do not appear to involve legal issues of such complexity that plaintiff would face exceptional difficulties in articulating his claims pro se. In terms of the plaintiff's individual capacity, the court does not see a reason to conclude that plaintiff is exceptionally limited in his ability to articulate his claims. Additionally, based on a review of the record at this early stage of the case, the court sees no reason to conclude that plaintiff is likely to succeed on the merits. *Id.*

For the foregoing reasons, plaintiff's motion for the appointment of counsel (Doc. No. 8) is denied without prejudice.

IT IS SO ORDERED.

Dated: May 25, 2018

/s/ *Jeremy D. Peterson*
UNITED STATES MAGISTRATE JUDGE