UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. BROWN, | Case No. 1:18-cv-00470-AWI-JDP |
| Plaintiff, | ORDER DENYING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND MOTION TO APPOINT COUNSEL |
| v. | |
| JENNIFER SHAFFER, *et al.*, | ECF No. 15 |
| Defendants. | ORDER THAT PLAINTIFF NOTIFY THE COURT WHETHER HE INTENDS TO FILE A SECOND AMENDED COMPLAINT WITHIN THIRTY DAYS OF THIS ORDER |

Plaintiff is a state prisoner proceeding without counsel in this civil rights action brought under 42 U.S.C. § 1983. On May 21, 2020, plaintiff filed a motion for class certification and for appointed counsel. ECF No. 15. Plaintiff submits that his complaint raises issues common to a class, and that the issues are of sufficient complexity to warrant counsel. *Id*.

Because he is proceeding *pro se*, plaintiff is not entitled to represent a class. *See Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) ("It is well established that the privilege to represent oneself *pro se* . . . is personal to the litigant and does not extend to other parties or entities."); *Welch v. Terhune*, 11 F. App'x 747, 747 (9th Cir. 2001) (affirming the decision of a district court that a *pro se* prisoner "could not prosecute the instant action as a class action"). Plaintiff's motion for class certification is therefore denied.

Moreover, plaintiff does not have a constitutional right to appointed counsel in this action, *see Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *withdrawn in part on other grounds on reh'g en banc*, 154 F.3d 952 (9th Cir. 1998), and the court lacks the authority to require an attorney to represent plaintiff, *see Mallard v. U.S. District Court for the Southern District of Iowa*, 490 U.S. 296, 298 (1989).  This court may request the voluntary assistance of counsel.  *See* 28 U.S.C. § 1915(e)(1); *Rand*, 113 F.3d at 1525.  However, without a means to compensate counsel, the court will seek volunteer counsel only in exceptional circumstances.  In determining whether such circumstances exist, "the district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved."  *Rand*, 113 F.3d at 1525 (internal quotation marks and citations omitted).

The court cannot conclude that exceptional circumstances requiring the appointment of counsel are present here.  At this stage in the proceedings, plaintiff has not demonstrated a likelihood of success on the merits, and the issues covered in his complaint do not appear unusually complex.  Accordingly, plaintiff's motion for the appointment of counsel, ECF No. 26, is denied without prejudice.  The court may revisit this issue at a later stage of the proceedings if the interests of justice so require.

**SECOND AMENDED COMPLAINT**

On May 13, 2019, the court screened plaintiff's first amended complaint and recommended the dismissal of certain claims and defendants.  ECF No. 13.  On May 13, plaintiff filed objections, focusing in particular on his claims against defendant Brynulfsen.  ECF No. 14.

While the May 13 recommendation has not been formally adopted by the court, we note that adoption would not prevent plaintiff from filing a second amended complaint.  Thus, should plaintiff wish to make out his allegations against defendant Brynulfsen in more detail, he may wish to consider filing a second amended complaint that does so.  Filing a second amended complaint would allow plaintiff's case to continue without further delay.

Case 1:18-cv-00470-AWI-JDP   Document 16   Filed 07/06/20   Page 3 of 3

Within thirty days from the date of this order, plaintiff is ordered to notify the court whether he intends to file a second amended complaint.

IT IS SO ORDERED.

Dated:   July 2, 2020                 _____
                                                   UNITED STATES MAGISTRATE JUDGE

No. 205.