UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KEITH A. BROWN,<br><br>            Plaintiff,<br><br>     v.<br><br>JENNIFER SHAFFER, ET. AL.,<br><br>            Defendants. | Case No.  1:18-cv-470-AWI-HBK<br><br>ORDER DENYING PLAINTIFF'S MOTION TO DISMISS FILING FEES<br><br>(Doc. No.  37) |

    Pending before the Court is Plaintiff's motion requesting that the Court dismiss the filing fees filed on November 4, 2021.[1]  (Doc. No. 37).  Noting the district court adopted the findings and recommendations granting defendants' motion to dismiss in full, Plaintiff seeks "dismissal of all filing fees" based on Plaintiff's indigency.  (*Id.* at 1).

    The instant motion is not a motion for reconsideration of the district court's order adopting the Findings and Recommendations and ultimately dismissing this case.  (*See generally Id.*).  Rather, Plaintiff seeks reconsideration of the magistrate judge's order granting his motion to proceed *in forma pauperis* and directing the California Department of Corrections to withdraw from Plaintiff's prison trust account 20% of the proceeding month's income credited to the prisoner trust account.  (*Id.* at 1-2) (referring to Doc. No. 5).  This order was entered on April 11, 2018. (*See* Doc. No. 5 at 2).  In support, Plaintiff points to the emergency procedures in place in

---

[1] Plaintiff titles his pleading as a "motion for reconsideration."

the Eastern District of California and requests the filing fees be waived so as to not cause "any undue stress to an already overly worked stretched thin staff." (Doc. No. 37 at 1).

Motions to reconsider are committed to the discretion of the trial court. *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441 (D.C. Cir. 1987); *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc). To succeed, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision. *See United States v. Westland Water Dist.,* 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001). A motion under Rule 60(b) must be made within a reasonable time. And, for reasons (1), (2), and (3) set forth above no more than a year after the entry of the judgment or order or the date of the proceeding. Moreover, when filing a motion for reconsideration, Local Rule 230(j) requires a party to show the "new or different facts or circumstances claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion."

Here, Plaintiff presents no reason sufficient to warrant reconsideration of the Court's order granting his *in forma pauperis* motion and requiring he continue to make payments on the filing fee under 28 U.S.C. § 1915(b)(2). Even though defendants' motion to dismiss was granted and the case closed, Plaintiff remains responsible for payment of the case filing fee consistent with § 1915 (stating the prisoner "shall" be required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account" any time the amount exceeds $10 until the filing fees are paid).

Accordingly, it is **ORDERED**:

Plaintiff's motion to dismiss filing fees (Doc. No. 37) is DENIED.

Dated:   March 15, 2022

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE